# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN SAFETY CASUALTY INSURANCE CO., et al. | ) ) ) | |
| Plaintiffs, | ) ) | No. 07 C 1990 |
| v. | ) ) | Judge Kendall |
| CITY OF WAUKEGAN, | ) ) | Magistrate Judge Cole |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

There are presently pending a number of discovery motions that have generated substantial briefing and will require the apparent review of extensive privilege logs, which have yet to be filed *in camera*. Two of the issues are fully briefed; the remainder are not. One request in the City of Waukegan's Motion to Compel Northfield Insurance Company's Compliance with Written Discovery [326] may be easily disposed of and is worthy of separate consideration given the manner of its presentation. Request No. 15 asks for copies of any and all legal authority or precedent that support Northfield's legal position that its law enforcement liability policies issued to the City do not provide coverage. Predictably, Northfield balked at the request, quite properly contending that disclosure of the cases through production is protected under the work-product privilege. Or, as the objection pithily put it: "Counsel for the City can do its own legal research; it does not need to benefit by seeing Northfield counsel's research, which necessarily discloses litigation strategy." Northfield's Response to Motion to Compel at 10.

The avowed basis for the City's rather extraordinary demand is the claim that I "instructed" counsel to exchange legal authority in support of their positions "in order to expedite this litigation."

By some curious alchemy, this claimed "instruction" was transmuted into a right of the City to discovery under Rule 34, Federal Rules of Civil Procedure. No order is cited in support of the claimed instruction, nor is any transcript appended that would support such an interpretation.[1] The City's brief in support of the motion to compel has ignored the context of the exchange with counsel and has transformed an expression of opinion about how lawyers can deal with each other more effectively into an *instruction requiring* production not only by Northfield, but of all of the defendants, *and the City as well*, of every case they believe support their underlying positions in this case. The City's contention that it has the right to production of the "documents" sought by Request No. 15 based upon some claimed "instruction" is, at best, baseless.

It belabors the obvious to say that a lawyer's position is not infirm because his opponent says so. *Miller v. Lehman*, 801 F.2d 492, 500 (D.C. Cir. 1986)(Edwards, J., concurring). And thus what I suggested and no doubt urged was that counsel would do well to support their necessarily partisan contentions with authority.[2] If one wants to be a truly effective (and efficient) advocate, he ought not merely to insist on the rightness of the position being espoused, but to provide the supporting authority to his or her opponent. After all, that is what courts demand before they will even entertain an argument. In fact, unsupported or skeletal arguments are generally deemed waived. *See e.g.,*

---

[1] Had such an "instruct[ion]" been given and disobeyed, it would have been more properly the basis of a request that Northfield be held in contempt, rather than that it be compelled to produce the cases.

[2] In our adversary system, lawyers play a partisan role. Indeed Judge Posner has said that " '[expert witnesses] are the mere paid advocates or partisans of those who employ and pay them, *as much so as the attorneys who conduct the suit.*' " *Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*, 797 F.2d 370, 382 (7th Cir.1986) (Emphasis supplied). *See also Von Moltke v. Gillies*, 332 U.S. 708, 725-726 (1948). *See also Philips Medical Systems Intern. B.V. v. Bruetman*, 8 F.3d 600, 606 (7th Cir.1993)(Posner, J.) (Consistent with the role of an advocate in our adversary system, it is assumed that counsel "is supposed to give the evidence a partisan slant."); *Smith v. Robbins*, 528 U.S. 259, 293, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000)(Souter, J., dissenting)("a partisan scrutiny of the record and assessment of potential issues, goes to the irreducible core of the lawyer's obligation to a litigant in an adversary system....").

2

*White Eagle Co-opinion Ass'n v. Conner*, 553 F.3d 467, 476 n. 6 (7th Cir. 2009); *Stingley v. City of Chicago*, 2009 WL 3681984 (N.D.Ill. 2009)(collecting cases). The same rationale dictates that if you want to persuade an adversary, the *ipse dixit* approach is unlikely to succeed.

But the expression of that philosophy cannot be tortured into an "instruct[ion]" that the parties exchange "'all legal authority or precedent' supporting Northfield's contention that it was not obligated to provide coverage for the *Dominguez* claim." Moreover, such an "instruction" would have been hopelessly inconsistent with the basic requirements of our adversary system – which is fundamental to Anglo-American jurisprudence, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993); *United States v. O'Neill*, 437 F.3d 654, 660 (7th Cir.2006), that "'each side is responsible for preparing and presenting its own case, *see Castro v. United States*, 540 U.S. 375, 387 (2003); *Tabaku v. Gonzales*, 425 F.3d, 417, 422 (7th Cir.2005), and is not obligated to warn adversaries, *Manicki v. Zeilmann*, 443 F.3d 922, 927 (7th Cir.2006), or to assist an opponent in establishing its claims. *F.E.L. Publications v. Catholic Bishop of Chicago*, 1989 WL 100006 *3 (N.D.Ill.1989); *Korman v. Shull*, 184 F.Supp. 928, 936 (W.D.Mich.1960).'" *Sommerfield v. City of Chicago*, 254 F.R.D. 317, 322 (N.D.Ill. 2008).

Lawyers should think carefully about the statements that they attribute to the court. *Cf. Westfield Insurance. Co. v. Sheehan Const. Co., Inc.*, 564 F.3d 817, 820 (7th Cir. 2009). And they should remember Judge Posner's wise observation that "[j]udges expect their pronunciamentos to be read in context. . . ." *Wisehart v. Davis*, 408 F.3d 321, 326 (7th Cir. 2005). Request No. 15 is baseless and Northfield's objection is sustained.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 1/11/10

3