# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | Sheila Finnegan |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1990 | **DATE** | 9/7/2010 |
| **CASE TITLE** | American Safety Casualty Insurance Company, et al. vs. City of Waukegan | | |

**DOCKET ENTRY TEXT**

For the reasons discussed below, the City's Motion to Compel Northfield's Compliance with Written Discovery [326] is denied as to the remaining issues.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　Notices mailed by Judicial staff.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Copy to judge/magistrate judge.

## STATEMENT

　　　　This is an insurance dispute between the City of Waukegan ("the City") and a number of insurance companies, including Northfield Insurance Company ("Northfield"), regarding coverage for a judgment in the amount of $9,063,000 entered against the City in the civil rights case *S. Alejandro Dominquez v. Paul Hendley, et al.,* No. 04 C 2907. Currently before the Court is the City's Motion to Compel Northfield's Compliance with Written Discovery [326]. We have already addressed some of the issues raised in the City's motion in our ruling on the City's Motion to Compel Production of Documents Identified in Northfield's Privilege Log and Documents for which Privilege has been Waived [364]. In addition, Magistrate Judge Cole previously issued a ruling with respect the City's request to compel a response to Document Request No. 15. [401] For the reasons discussed below, the motion is denied as to the remaining issues.

　　　　Interrogatory No. 10 and Document Request No. 5: In these requests, the City seeks information regarding Northfield's internal policies, procedure and practices regarding communications with excess law enforcement liability insurance carriers. Northfield objects to these requests on grounds that they are vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. We agree with Northfield that the requests for policies regarding communications with excess insurance carriers are not reasonably calculated to lead to the discovery of admissible evidence. The City simply has not articulated how such information is relevant to any issue in this case. At the June 15, 2010 hearing, when asked how this information was relevant, the City stated that actual communications with reinsurers or excess carriers might be relevant to establish notice in some instances. But these discovery requests do not seek communications; they request policies regarding such communications. Moreover, in its response brief, Northfield states that such policies do not exist. (Resp. 6.) Although the City says one of Northfield's claims representatives testified to the existence of a Best Practices Manual, the City has not demonstrated how

07C1990 American Safety Casualty Insurance Company, et al. vs. City of Waukegan

Page 1 of 3

policies regarding communications with excess carriers (as opposed to the policies regarding claims handling discussed below) are relevant in this case. Accordingly, Northfield's objection based on relevancy is sustained.

Interrogatory Nos. 12, 15 and Document Request No. 7: In Interrogatory No. 12, the City seeks an explanation of Northfield's "procedures used in analyzing coverage obligations under law enforcement liability policies." In Interrogatory No. 15 and Document Request No. 7, the City seeks information regarding all internal practices or protocols regarding responding to notices of insureds' claims and the handling and processing of claims made under law enforcement policies. Northfield objects to these requests on various grounds, including that they are not reasonably calculated to lead to the discovery of admissible evidence. Northfield also states that the requested documents do not exist. Northfield served an amended response to Document Request No. 7 stating that it does not possess any responsive documents and verified the response with an attestation signed by a company representative, which is attached to the response. (Resp. 7.) Further, Northfield states that the two claims representatives that were deposed testified "to the lack of documentation regarding practices and protocols in relation to handling law enforcement claims, which were unique at Northfield in light of the fact that the policies were drafted by Certain Underwriters at Lloyd's of London." (Resp. 7.) However, Northfield does not cite to or attach the deposition testimony. In reply, the City argues that one of Northfield's claims representatives testified to the existence of a Best Practices Manual, and the City argues the manual should be produced. This issue also was briefed by the parties in connection with the City's Motion to Compel Production of Documents Identified in Northfield's Privilege Log and Documents for which Privilege has been Waived [364]. In ruling on that motion, the Court requested more information from Northfield regarding the applicability of the policy to the City's claim. Therefore, the Court will rule on this issue in connection with the other motion once the requested information has been received.

Interrogatory No. 18 and Document Request Nos. 8, 14: In Interrogatory No. 18 and Document Request No. 14, the City requests Northfield to identify and produce communications between Northfield and the other insurance carriers named as counter-defendants in this case concerning the City's claim. In Document Request No. 8, the City seeks correspondence between Northfield and Certain Underwriters of Lloyd, London ("Underwriters") "concerning joint and/or shared law enforcement liability policies issued to the City." Northfield objects to the requests on the basis that, among other things, the documents are subject to the joint defense privilege and/or common interest doctrine. Northfield also states that it already produced non-privileged responsive documents. (Resp. 8-9.)

The City challenges Northfield's assertion of the joint defense privilege or common interest doctrine, particularly with respect to insurers other than Underwriters. (Mot. 9.) However, Northfield did not claim privilege as to any communications between it and any other insurer in this case except for Underwriters. (Resp. 9.) This Court has already ruled that Northfield and Underwriters (co-insurers who apportioned liability under the same policies) have common legal interests with respect to certain issues regarding the City's claim and the common-interest doctrine applies to their communications made in furtherance of those interests. As Northfield has not withheld documents based on the joint defense privilege or common interest doctrine as to other insurers, this issue is moot.

The City also asserts that Northfield should be required to identify which documents it produced in response to these requests. The Court disagrees. Under Fed. R. Civ. P. 34, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Northfield states that it produced its documents as they were kept in their

07C1990 American Safety Casualty Insurance Company, et al. vs. City of Waukegan

Page 2 of 3

| STATEMENT |
|---|

usual course of business. (Resp. 2.) Rule 34 does not require more.

Interrogatory No. 20: In this interrogatory, the City asks Northfield to identify any lawsuits or complaints filed in state or federal forums from 1988 to present, which relate to Northfield's obligations to insureds under a law enforcement liability policy involving civil rights claims filed by individuals exonerated after DNA testing. Northfield objects to this interrogatory on grounds that it is vague, ambiguous, overly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The Court agrees that this request is overly burdensome in that its seeks information covering a 22 year time period. The Court also agrees that the request is not reasonably calculated to lead to the discovery of admissible evidence. The City says that "if Northfield was previously involve in litigation concerning the issues present in the *Dominquez* claim, the coverage aspects are directly relevant," but the City does not identify the issues or say how other cases (which would almost certainly involve different facts and circumstances) involving these issues would be relevant. (Reply 10.) We do not think the slight potential for relevance of such information (if any) justifies the burden of requiring Northfield to sift through 22 years of information regarding other claims.

For the reasons discussed above, the City's motion [326] is denied as to the remaining issues, except the request to compel the Best Practices Manual, on which the Court will rule in connection with the City's other motion to compel Northfield documents [364].