# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | **Sitting Judge if Other than Assigned Judge** | Sheila Finnegan |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1990 | **DATE** | 1/19/2011 |
| **CASE TITLE** | American Safety Casualty Insurance Company vs. City of Waukegan, Illinois | | |

**DOCKET ENTRY TEXT**

For the reasons discussed below, Northfield's Motion to Clarify and Supplemental Submission with respect to Magistrate Judge Finnegan's Order of September 7, 2010 [763] is granted in part and entered and continued in part.

■[ For further details see text below.]

Mailed notice.
*Copy to judge/magistrate judge.

## STATEMENT

This is an insurance dispute between the City of Waukegan ("the City") and a number of insurance companies, including Northfield Insurance Company ("Northfield"), regarding coverage for a judgment entered against the City in *S. Alejandro Dominguez v. Paul Hendley, et al.,* No. 04 C 2907. On September 7, 2010, this Court ruled on the City's Motion to Compel Production of Documents Identified in Northfield's Privilege Log and Documents for which Privilege has been Waived. In that ruling, the Court upheld Northfield's privilege assertions with respect to certain documents and ordered Northfield to produce other documents. The Court did not have sufficient information to rule on a few documents, and it instructed Northfield to provide additional information either to the Court or the City regarding these documents. Currently before the Court is Northfield's Motion to Clarify and Supplemental Submission with respect to the September 7, 2010 Order. For the reasons discussed below, the motion is granted in part and entered and continued in part.

Best Practices Manual: One of the documents at issue is a Best Practices Manual that was identified by a Northfield claims representative at his deposition. Northfield asserts that the manual should not be produced because it is irrelevant to the issues in this case. The Court stated in its September 7, 2010 order that it did not have sufficient information to rule on the relevancy of the manual and provided Northfield with an opportunity to submit additional information. Having reviewed the supplemental submission, the City's response, and Northfield's reply, the Court has decided to defer ruling on this issue until the District Judge has ruled on the parties' fully briefed motions for summary judgment. There are two reasons for doing so. First, the summary judgment rulings may resolve the claims involving Northfield and obviate any need for the manual. Second, in addressing the relevance of the manual the parties argue at length about a substantive issue that is currently before the District Judge: whether the policies are indemnity only or whether they include a duty to defend. Northfield argues that the manual is not relevant because the policies are for indemnity only.

## STATEMENT

The City disagrees, arguing that the policies include a duty to defend. As the determination of the scope of the policies may affect the determination of whether the manual is relevant, the Court believes it is best to have the substantive issue decided first.

Documents NOR 3778, 3786, and 4141: Northfield also seeks clarification or reconsideration of the Court's ruling regarding documents NOR 3778, 3786 and 4141. In its prior order, the Court directed Northfield to produce a portion of NOR 3778 and all of NOR 4141. The Court had insufficient information to assess Northfield's privilege assertion for NOR 3786, and it directed Northfield to provide additional information supporting its privilege assertion to the City. Northfield has provided supplemental information regarding all three of these documents, including affidavits stating that the documents reveal legal advice that Northfield received from its counsel. (Doc. No. 763-1, at 8, 10-11.) Based on this supplemental information and the Court's *in camera* review of the documents, the Court finds that NOR 3786 and 4141 and the additional portion of NOR 3778 that Northfield seeks to redact are privileged.

With respect to NOR 3786 and 4141, the City argues that Northfield waived any applicable privileges by sharing the information with its reinsurers. Both emails are addressed to Megan Todd, a reinsurance broker who served as Northfield's contact with its reinsurers. The City argues that the Court should not apply the common interest doctrine to these communications because "in Illinois, no court has ever found that an insurer and its reinsurer have a common interest relating to litigation." (Doc. 765, at 7.) In support of this statement, the City relies on *dicta* in *Allendale Mutual Ins. Co. v. Bull Data Sys., Inc.,* No. 91 C 6103, 1993 WL 515493 (N.D. Ill. Dec. 7, 1993). In that case, the court determined that the documents at issue were not protected by the attorney client privilege or work product doctrine. *Allendale,* 1993 WL 515493, at *8. After making this finding, the court went on to say, in *dicta,* that the common interest doctrine also did not apply because it "seem[ed]" that the Illinois Supreme Court had determined "that the interest which the insurer has in an insurance contract is different from the interest which the reinsurer has in that contract." *Id.* at 8. But the only case it cited in support of this point was *In re Liquidations of Reserve Ins. Co.,* 122 Ill.2d 555, 524 N.E.2d 538 (1988), which did not address the common interest doctrine or any privilege issue at all. Rather, that case discussed the priority of claims in a liquidation proceeding and whether insurance companies with claims against the insolvent reinsurer should be given the same priority as a policyholder with claims against a direct insurer. As such, the Court finds *Allendale* unpersuasive on the common interest issue.[1] Moreover, NOR 3786 is protected from disclosure by the work product doctrine as well as the attorney client privilege, and work product protection is waived only when disclosure to a third party "is inconsistent with the maintenance of secrecy from the disclosing party's adversary." *Minnesota Sch. Bd. Ass'n Trust v. Employers Ins. Co. of Wausau,* 183 F.R.D. 627, 631-32 (N.D. Ill. 1999) (quoting *United States v. American Tel. & Tel.,* 642 F.2d 1285, 1299 (D.C. Cir. 1980)). Here, Northfield's disclosure of privileged information regarding potential settlement to its reinsurers is not inconsistent with preventing disclosure of this information to the City.

Document NOR 3876: Northfield also seeks clarification regarding NOR 3876. In its September 7, 2010 Order, the Court directed Northfield to produce NOR 3875-76. However, as Northfield points out in its motion, the page attached to NOR 3875 is not numbered, and the document marked NOR 3876 is a separate document. The Court intended to order the production of the two-page document beginning with NOR 3875; it did not intend to order the production NOR 3876, which is privileged. Northfield is not required to produce NOR 3876.

| STATEMENT |
|---|
| For the reasons discussed above, Northfield's motion (Doc. 763) is granted in part and entered and continued in part. |

    1.    The Court also is not persuaded by the City's argument that the common interest doctrine does not apply here because the communications were made to a broker rather than the reinsurers themselves. The affidavit of Northfield's claims representative, Randolph Robinson, makes clear that Todd served as "Northfield's contact to its domestic reinsurers on the Dominguez claim." (Doc. 763-1, at 9-10.) The Court finds that Northfield did not waive the privilege by communicating with its reinsurers through Todd. *See Certain Underwriters at Lloyds of London v. Fidelity and Cas. Co. of N.Y.,* 89 C 0876, 1997 WL 769467, at *2 (N.D. Ill. Dec. 9, 1997).