UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN SAFETY CASUALTY INSURANCE COMPANY et al.,<br>        Plaintiffs,<br>v.<br>CITY OF WAUKEGAN,<br>        Defendant.<br>CITY OF WAUKEGAN,<br>        Counter-Plaintiff,<br>v.<br>AMERICAN SAFETY CASUALTY INSURANCE COMPANY, et al.<br>        Counter-Defendants. | Case No. 07CV1990<br>(Consolidated with Case No. 07CV64)<br>Judge Kendall<br>Magistrate Judge Finnegan |

**CITY OF WAUKEGAN'S PETITION FOR ATTORNEYS' FEES PURSUANT TO COURT ORDER DATED MARCH 3, 2011**

Defendant, Counter-Plaintiff, City of Waukegan (the "City"), an Illinois municipality, by its attorneys, Paulette A. Petretti and Darcee C. Williams, of Scariano, Himes and Petrarca, Chtd., hereby brings its Petition for Attorneys' Fees and Costs Pursuant to this Court's Order of March 3, 2011. In support thereof, the City states as follows:

1. On March 3, 2011, this Court issued its Memorandum Opinion and Order regarding a dispute over insurance coverage between the City and American Safety Casualty Insurance Company ("American Safety") and Interstate Indemnity Company ("Interstate"), among other insurers.

2. The March 3, 2011 Order provides that American Safety and Interstate provide coverage to the City in an amount $11,397,195.39, as well as costs and interest above the Dominguez verdict, plus the City's attorneys fees for the defense of the Dominguez lawsuit in the amount of $1,079,296.90 in addition to the City's attorneys' fees and costs in litigating this action.

1

See Doc. No. 810, Page ID 28197-98.

3. Moreover, in its March 3, 2011 Order, the Court found that:

    C. American Safety breached the provisions of its insurance contracts and is obligated to indemnify the City for the judgment in the Dominguez action (beyond the $100,000 SIR) to the policy limits of $1,000,000. Further, American Safety is responsible for Waukegan's attorneys' fees and costs for the defense of the Dominguez lawsuit, in the amount of $1,079,296.90, as well as the costs and interest above the Dominguez verdict as set out in American Safety's policy, in an amount to be determined by American Safety and Interstate and jointly filed with the Court within seven (7) days of entry of this Order;

    D. American Safety acted unreasonably and vexatiously in violation of 215 ILCS 5/155;

    E. Waukegan is entitled [to] the attorneys' fees and costs incurred in litigating this declaratory judgment action against American Safety, to be set out in a fee petition filed with the Court within seven (7) days of entry of this Order.

See Doc. No. 811, Page ID 28269.

4. Section 155 of the *Illinois Insurance Code* provides in part that:

In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs…

215 ILCS 5/155.

5. Accordingly, pursuant to this Court's March 3, 2011 Order, the City is entitled to the attorneys' fees and costs it incurred in litigating the declaratory judgment action against American Safety. Id.

6. The City is seeking $213,693.24 in attorneys' fees, legal research fees and expert fees it incurred in litigating the declaratory judgment action against American Safety as itemized in the attached affidavit of attorney Paulette A. Petretti of the law firm of Scariano, Himes and Petrarca (the "Scariano Firm"). See Exhibit 1, attached hereto. Ms. Petretti served as lead counsel for the City in the declaratory judgment action. Id. See Richardson v. Illinois Power Company, 577 N.E.2d 823, (1st Dist. 1991)(Awarding Sec. 155 fees where affidavit in support of fees was well documented setting forth the work performed by the firm's attorneys).

7. Legal research charges are recoverable as attorneys' fees. Angevine v. Watersaver Faucet Company, No. 02 C 8114, 2003 WL 23019165, *9 (N.D. Ill. Dec. 23, 2003)("It is well settled that costs associated with computerized legal research are not considered 'costs' but rather part of the attorney's fees award").

8. The City is seeking $9,109.24 it incurred in legal research fees litigating the declaratory judgment action against American Safety.

9. The City also seeks its expert witness fees in the amount of $10,191.01. See i.e. Krislov v. Rednour, 871 F.Supp.2d 862, 871 (N.D. Ill. 2000) ("expenses of litigation that are distinct from either statutory costs or the costs of the lawyer's time reflected in his hourly billing rates-expenses for such things as postage, long distance calls, xeroxing, travel, paralegals, and expert witnesses-are part of the reasonable attorneys' fees allowed by [federal civil rights statutes])."

10. The City was charged an hourly rate ranging between $195 to $225 for legal services rendered by attorneys at the Scariano Firm for the time period of April 2007 to the present. See Affidavit of Paulette A. Petretti, attached hereto as Exhibit 1, ¶ 6.

11.     The City and its counsel negotiated varied hourly rates during the course of the litigation ranging from $195 to $225 in response to current economic conditions and at the request of the City.  Id.  Currently and since August of 2010, the City is being charged an hourly rate of $200.  Id.

12.     The City was charged an hourly rate ranging between $105 and $113 per hour for services rendered by law clerks at the Scariano Firm for the time period of April 2007 to the present.  See Affidavit of Paulette A. Petretti, attached hereto as Exhibit 1, ¶ 23.

13.     The rates charged by the Scariano Firm are based on the market rate for the services rendered as set forth in the attached affidavit of Paulette A. Petretti.  See Mobil Oil Corp. v. Maryland Casualty Co., 681 N.E.2d 552, 563 (1st Dist. 1997) (In determining reasonable attorney's fees under Sec. 155, the court considered: the time and labor required, the novelty and difficulty of the issues, the skill required, the preclusion of other employment necessary to accept the case, the customary fee charged in the community, the amount of money involved in the case, the results obtained, and the attorney's reputation, experience and ability); see also, Great West Casualty Co. v. Marathon Oil Company, No. 99 C 3101 (2003 WL 553583, *6 (N.D. Ill. Feb. 26, 2003) ("Of the cases we have found which set reasonable attorneys' fees, almost all look to the market rate, which is the 'rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'").

14.     By way of background, in **1992** an Illinois Appellate Court upheld an award of fees pursuant to Sec. 155 of the *Illinois Insurance Code* at an hourly rate of $175.  Verbaere v. Life Investors Insurance Company of America, 589 N.E.2d 753 (1st Dist. 1992).  Given that over 19 years has passed since the Verbaere decision and given inflation, we maintain an hourly rate ranging between $195 and $225 is reasonable.

4

15. Moreover, the City has paid or approved payment of the attorneys' fees that the Scariano Firm incurred in litigating the declaratory judgment action as detailed in the affidavit of Paulette A. Petretti, attached hereto as Exhibit 1, ¶ 23; see also, Cintas Corp. v. Perry, 494 F.Supp.2d 907, 908 (N.D. Ill. 2007) ("At least for fees awarded pursuant to statute, the Seventh Circuit has held that the best evidence of whether attorneys' fees are reasonable is whether a party has paid the fees."); see also, Stark v. PPM Am., Inc., 354 F.3d 666, 675 (7th Cir. 2004)(finding fees reasonable where defendant-companies submitted affidavits that they paid their attorneys' fees in full).

**16. Accordingly, the City seeks $194,392.99 in attorneys' fees; $9,109.24 in electronic legal research charges; and $10,191.01 in expert fees for a total of $213,693.24.**

17. Under separate cover the City is submitting a Bill of Costs against American Safety and Interstate to seek financing fees and costs, incurred to satisfy the Dominguez verdict, as recoverable under the Court's March 3, 2011 Order and pursuant to Federal Rule of Civil Procedure 54. [1]

**WHEREFORE, the City respectfully requests that this Court award the City's Attorneys' Fees, legal research charges and expert fees in the total amount of $213,693.24 and for any further relief this Court deems appropriate**.

Respectfully submitted,

By:   s/ Paulette A. Petretti
      One of the City of Waukegan's Attorneys

PAULETTE A. PETRETTI (ARDC NO. 06203646)
DARCEE C. WILLIAMS (ARDC NO. 06276211)
SCARIANO, HIMES AND PETRARCA, CHTD.
180 North Stetson, Suite 3100, Chicago, Illinois 60601-6714
312-565-3100 ext. 245

G:\WP51\COMMON\MUNICIPL\WAUKEGAN\AMSAFE-SCOTTS CONSOL\American Safety\FEES and COSTS\FEEPETITION.docx

---

[1] The City is seeking $2,686,641.00 in judgment financing costs incurred to satisfy the Dominguez judgment. Additionally, the City has itemized costs specifically related to American Safety and to Interstate in its Bill of Costs.