IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN SAFETY CASUALTY INSURANCE COMPANY, <br>     Plaintiff, <br>     v. <br> CITY OF WAUKEGAN, <br>     Defendant. <br> -------------------------------------------------- <br> CITY OF WAUKEGAN, <br>     Counter-Plaintiff, <br>     v. <br> AMERICAN SAFETY CASUALTY INSURANCE COMPANY, INTERSTATE INDEMNITY COMPANY, CERTAIN UNDERWRITERS AT LLOYDS OF LONDON, NORTHFIELD INSURANCE COMPANIES, WESTPORT INSURANCE CORPORATION, EVANSTON INSURANCE COMPANY, S. ALEJANDRO DOMINGUEZ, AND PAUL HENDLEY, <br>     Counter-Defendants. | Case No. 07 C 1990 <br><br> Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER AND FINAL JUDGMENT

**I.    CITY'S RULE 60(a) MOTION**

Plaintiff City of Waukegan ("Waukegan or "the City") has moved to correct an omission in the Court's March 3, 2011 (Doc. 811) and July 6, 2011 (Doc. 884) orders entering final judgment in this case.  As the City points out, in its March 3, 2011 Opinion the Court awarded $1,079,296.90 to the City from defendant American Safety Casualty Insurance Company ("American Safety") as

breach of contract damages as a result of American Safety's failure to defend the City in the underlying *Dominguez* litigation. (See Doc. 811 at 48.) Addressing only the amounts in dispute after the March 3, 2011 Opinion, the Court did not address that award in the July 6, 2011 Opinion.

To address the City's motion and make clear the final judgment as against American Safety and Interstate Indemnity Company ("Interstate") in this case, the Court summarizes the damages as follows:

| Category | Responsible Party | Amount |
|---|---|---|
| Self-Insurance Retention | Waukegan | $100,000 |
| American Safety policy limits | American Safety | $1,000,000 |
| Interstate's excess layer | Interstate | $7,963,000 |
| American Safety's pro rata share of interest on judgment | American Safety | $138,570.12 |
| Interstate's pro rata share of interest on judgment | Interstate | $1,103, 434.97 |
| Dominguez's attorney's fees in underlying suit and appeal | American Safety | $1,067,637.86 |
| Dominguez's costs on appeal | American Safety | $13,757.95 |
| Interest on Dominguez's attorney's fees | American Safety | $10,794.49 |
| City's fees and costs for the defense of the underlying *Dominguez* action | American Safety | $1,079, 296.29 |

Consequently, pursuant to Rule 58 and as laid out in the Court's March 3, 2011 and July 6, 2011 Opinions, the Court enters judgment in favor of Waukegan and against American Safety for $3,310,057.32, the sum of the items American Safety is responsible for as shown in the table above. The Court also enters judgment in favor of Waukegan and against Interstate for $9,066,434.97, the sum of the items noted above. Pursuant to Rule 58 and as described in the Court's March 30, 2009

and March 3, 2011 Opinions, the Court enters final judgment against Waukegan and in favor of the other carriers, Certain Underwriters at Lloyds of London, Northfield Insurance Companies, Westport Insurance Corporation (formerly Coregis Insurance Organizations), and Scottsdale Insurance Company.

The City is also entitled to its attorney's fees from American Safety for the current suit with respect to its counterclaims against American Safety as laid out in the March 3, 2011 Opinion, to be determined by Magistrate Judge Finnegan. Judge Finnegan will also determine what costs will be awarded to the City and the prevailing insurance companies per the bills of costs filed by the prevailing parties. These amounts will be entered as separate judgments.

## II. NORTHFIELD'S MOTION TO CLARIFY

Defendant Northfield Insurance Company ("Northfield"), one of the prevailing insurance companies per the March 3, 2011 Opinion, filed a motion to clarify to the parties whether the Court has referred all the bills of costs to Judge Finnegan (Doc. 891). The Court grants Northfield's motion and clarifies that (1) the case remains closed because the Court has entered final judgment; and (2) the Court intended to refer to Judge Finnegan *all* the parties' bills of costs, as well the City's petition for attorney's fees as allowed by the March 3, 2011 Opinion, so that all of those items may be considered by one judge.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: July 29, 2011