**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **AMERICAN SAFETY CASUALTY INSURANCE COMPANY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 07 C 1990** |
| ) | |
| **CITY OF WAUKEGAN,** ) | **Magistrate Judge Finnegan** |
| ) | |
| **Defendant.** ) | |
| _____ ) | |
| ) | |
| **CITY OF WAUKEGAN,** ) | |
| ) | |
| **Counter-Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **AMERICAN SAFETY CASUALTY INSURANCE COMPANY, INTERSTATE INDEMNITY COMPANY, CERTAIN UNDERWRITERS AT LLOYDS OF LONDON, NORTHFIELD INSURANCE COMPANIES, WESTPORT INSURANCE CORPORATION, EVANSTON INSURANCE COMPANY, S. ALEJANDRO DOMINGUEZ, and PAUL HENDLEY,** ) | |
| ) | |
| **Counter-Defendants** ) | |
| ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This insurance coverage dispute between the City of Waukegan, Illinois ("the City")

and its insurers arose from a $9,063,000 verdict entered against the City in a civil rights

suit brought by S. Alejandro Dominguez, who was convicted of rape but later exonerated.

At issue in this case was which, if any, of the City's various insurers were required to cover

the City's loss from the *Dominguez* judgment.  The suit was commenced by American

Safety Casualty Company ("American Safety"), which sought a declaratory judgment that it did not owe coverage to the City arising out of the *Dominguez* lawsuit. (Doc. 1). Scottsdale Insurance Company ("Scottsdale") filed a separate declaratory judgment action against the City that was consolidated with this matter. (Doc. 45). The City subsequently joined five additional insurance companies and one individual as counter-defendants. On March 30, 2009, the district judge granted Scottsdale's motion for summary judgment, finding that the City failed to provide adequate notice of the *Dominguez* suit as a matter of law. (Doc. 236). The case continued to be litigated among the other parties and two years later, on March 3, 2011, the district judge entered judgment in favor of the City and against two of its insurers, primary carrier American Safety and excess carrier Interstate Indemnity Company, finding that they insured the City when Mr. Dominguez's due process claim against it accrued and are obligated to indemnify the City for the judgment against it. (Doc. 811). After denying the parties' motions to alter or amend the judgment, the district judge entered an order and final judgment disposing of this matter on July 29, 2011. (Doc. 910).

Scottsdale now seeks to recover its costs from the City pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. The district judge referred the bill of costs to this Court for decision. For the reasons set forth below, Scottsdale is awarded $395 in costs in this case.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party" unless "a court order provides otherwise." Rule 54(d) creates a "strong presumption that costs will be awarded to the prevailing party," and that presumption is "difficult to overcome." *U.S. Neurosurgical, Inc. v. City of Chicago*,

2

572 F.3d 325, 333 (7th Cir. 2009); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). Under 28 U.S.C. § 1920, recoverable costs include (1) fees of the clerk and marshal, (2) fees for transcripts necessarily obtained for use in the case, (3) fees and disbursements for printing and witnesses, (4) fees for copies necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court appointed experts and interpreters. *Republic Tobacco Co. v. North Atlantic Trading Co.*, 481 F.3d 442, 447 (7th Cir. 2007). Costs are not recoverable if they were incurred solely for the convenience of the prevailing party. *Trading Tech. Int'l, Inc. v. eSpeed, Inc.*, 750 F.Supp.2d 962, 969 (N.D. Ill. 2010).

The parties do not dispute that the Court entered judgment in favor of Scottsdale and therefore Scottsdale is a prevailing party in this lawsuit. (Doc. 236). *See also Republic Tobacco Co.*, 481 F.3d at 446 (quoting Moore's Federal Practice § 54.101[3] (3d ed. 2006)) ("Courts and commentators have interpreted 'prevailing party' to mean 'the party in whose favor judgment has been entered.'")). The prevailing party has the "'burden of demonstrating the amount of its recoverable costs.'" *Trading Tech. Int'l*, 750 F.Supp.2d at 969 (citation omitted). But the losing party "bears the burden of an affirmative showing that taxed costs are not appropriate." *Davis v. Budz*, No. 99 C 3009, 2011 WL 1303435, at *1 (N.D. Ill. Mar. 31, 2011) (quoting *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005)).

As an initial matter, the City argues that Scottsdale should be awarded no costs at all because Scottsdale initiated these adversarial proceedings with its declaratory judgment action, while the City communicated directly with its insurers in an effort to obtain coverage under its policies. (Doc. 978 at 2-3). The City also argues that Scottsdale should not

3

recover its costs because "any award of costs against the City will come from public funds" which "have recently been severely depleted, given the current economic climate and the requirement that the City satisfy the *Dominguez* judgment and interest, which are currently in excess of \$13 million," whereas Scottsdale "can afford to absorb the minimal costs it incurred." (*Id.* at 3-4). Finally, the City asserts that costs should be denied because the issues in this case are novel and complex and it acted in good faith in its litigation of the case. (*Id.* at 4).

Even assuming the City's assertions are accurate, none of them is a legitimate reason for denying costs. The authority the City cites in support of its position is from the Ninth Circuit and several district courts in circuits other than the one in which this Court sits. By contrast, the Seventh Circuit "ha[s] recognized only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); *see also Beam v. Petersen*, No. 07 C 1227, 2011 WL 4431815, *1 (N.D. Ill. Sept. 22, 2011); *see also Bilal v. BP America, Inc.*, 215 F. App'x 504, 505-506 (7th Cir. 2007) (rejecting losing party's challenge to costs order because "it would have been an abuse of discretion for the district court to deny costs to the defendants based solely on the relative wealth of the parties."). The City does not assert that it is indigent (or insolvent) or that Scottsdale engaged in misconduct, thus it has not articulated a ground upon which costs as a whole may be denied.

Accordingly, the Court now considers whether the specific costs Scottsdale requests are recoverable under Rule 54(d) and § 1920. Scottsdale initially sought three categories

4

of costs, totaling $1,149.42.  In response to the City's objections, Scottsdale revised its bill of costs and now seeks $843.21, including (1) $350 for the complaint filing fee; (2) $75.37 for service of the summons and complaint; and (3) $417.84 for deposition and court proceeding transcripts.  (Doc. 997).  The court considers each request in turn.

## A.    Filing Fee

Scottsdale first seeks to recover the required $350 filing fee it paid to commence its declaratory judgment action against the City in 2007.  It is not disputed that filing fees are recoverable under 28 U.S.C. § 1920(1).  *Winniczek v. Nagelberg*, 400 F.3d 503, 504-505 (7th Cir. 2005) (holding that fees charged by a court for filing a claim constitute "fees of the clerk" and, thus, are recoverable under § 1920(1)).  Rather, the City objects solely on the ground that Scottsdale failed to submit an invoice or receipt documenting this cost. Although it is true that Scottsdale did not submit documentation of this expense with its bill of costs, the Court docket in Scottsdale's initial action prior to consolidation with this case reflects that the Clerk of Court received payment of a filing fee in the amount of $350 on January 5, 2007 when Scottsdale filed its complaint.  (Case No. 07 C 64, Docs. 1, 8). Because the record in this case shows Scottsdale's payment of the filing fee, the cost is sufficiently documented.  Accordingly, costs are taxed against the City in the amount of $350.

## B.    Service of Summons

Scottsdale next seeks to recover the costs it incurred to serve the summons and complaint on the City.  In response to the City's objection, Scottsdale reduced its initial request of $95.60 and now seeks $75.37, consisting of $55 for the process server fee plus

5

$20.37 for the process server's travel costs. Although § 1920(1) provides for recovery of "fees of the clerk and marshal," the Seventh Circuit has construed the statute to allow a prevailing party to recover costs for private process servers in an amount that does not exceed what the U.S. Marshals Service would have charged at the time process was served. *Collins v. Gorman*, 96 F.3d 1057, 1058-1060 (7th Cir. 1996); *see also Trading Tech. Int'l, Inc.*, 750 F.Supp.2d at 984. The Marshals Service fee for service of process is currently $55 per hour or portion thereof, plus travel costs and other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). At the time the summons and complaint was served in this case on March 7, 2007, however, the Marshals Service hourly fee was $45. *See* Revision to United States Marshals Service Fees for Services, 73 Fed. Reg. 69,552, 69,554 (Nov. 19, 2008) (to be codified at 28 C.F.R. pt. 0).

The City argues that the requested costs should be denied because Scottsdale failed to provide sufficient documentation of the process server's costs. Indeed, Scottsdale has attached no invoice or receipt, instead directing the Court's attention to the return of service and accompanying affidavit of service in the Court's docket. These documents verify where, when, and by and upon whom process was served, but do not specify the process server's rate or time expended. (Case No. 07 C 64, Doc. 14). In addition, the only statement of the process server's mileage traveled to serve process is the unsupported assertion in Scottsdale's reply brief. "Although service costs 'occasionally are denied in their entirety when a party fails to set forth the hours worked and rates charged by private process servers, the more prevalent course is to simply award $55 for served person, the minimum amount charged by the Marshal.'" *Highway Commercial Servs., Inc. v. Midwest*

*Trailer Repair, Inc.*, No. 08 CV 3445, 2011 WL 3159128 (N.D. Ill. July 26, 2011) (quoting *Serwatka v. City of Chicago*, No. 08 C 5616, 2011 WL 2038725, *3 (N.D. Ill. May 24, 2011) (surveying cases)). Because Scottsdale failed to provide documentation from the process server of the rate charged, time expended, or mileage incurred, the Court awards Scottsdale the minimum amount the Marshals Service would have charged at the time of service in 2007 for a single service of process without any additional travel costs. Accordingly, the Court awards Scottsdale costs for service of process in the amount of $45.

## C.    Transcripts

Finally, Scottsdale requests a total of $417.84 in costs for three transcripts: (1) $173.30 for the deposition transcript of American Safety representative Bob D'Olympio, (2) $219.84 for the trial transcript in the underlying *Dominguez* case, and (3) $24.70 for the transcript of a February 27, 2008 hearing before the district court in this matter. This revised amount reflects a reduction from Scottsdale's initial non-itemized request of $703.82 for the three transcripts.

Section 1920(2) allows recovery of fees for "transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). While a court may not tax costs of transcripts obtained merely for the convenience of counsel, a transcript need not be "absolutely indispensable" in order to justify an award of costs. *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000) (citations omitted). Local Rule 54.1 further elaborates that the costs of such transcripts "shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." L.R. 54.1(b).

For ordinary transcripts, the rate is $3.65 per page for an original transcript and $0.90 for the first copy of the transcript to each party. *See* Maximum Transcript Rates, http://www.ilnd.uscourts.gov/clerks_office/CrtReporter/trnscrpt.htm (last viewed Dec. 15, 2011). As discussed below, the City objects as to all three transcripts.

### 1. Transcript of the D'Olympio Deposition

Scottdale first seeks to recover $173.30 for the deposition transcript of American Safety representative Bob D'Olympio, consisting of $150.30 for one copy of the transcript at $0.90 per page for 167 pages, and $23 for the exhibits. The transcript cost of $150.30 complies with the Court's local rule concerning transcript rates, and Scottsdale attached to its reply brief an invoice from the court reporter, thus remedying the City's objection for failure to provide documentation of the cost. The City also objects, however, on the ground that the transcript was not necessarily obtained for use in the case. Specifically, the City asserts that Mr. D'Olympio's testimony, as American Safety's representative, had no bearing on Scottsdale's consolidated declaratory action against the City since the company's policies "had different terms, definitions, defenses, exclusions, self insured retentions and endorsements and covered different policy periods." (Doc. 978 at 7). In addition, the City contends that Scottsdale had no need for the transcript since the deposition "took place a mere five days before the court granted summary judgment in Scottsdale's favor." (*Id.*)

Scottsdale cannot be faulted for ordering a transcript while its summary judgment motion was pending since the district judge had not yet issued her ruling on the motion. *See Mother & Father*, 338 F.3d at 712 (holding that necessity is determined "in light of the

facts known at the time of the deposition, without regard to intervening developments that render the deposition unneeded for further use.") But the City's other argument — that Scottsdale failed to explain why it needed the transcript — is a valid one given that, as the City characterizes the facts, there were no overlapping issues concerning American Safety's and Scottsdale's coverage of the City. Scottsdale's reply brief neither acknowledges nor responds to this objection. Thus, based on the facts presented by the City indicating that Mr. D'Olympio's testimony was unrelated to Scottsdale's declaratory action or any counterclaim against it, the City has met its burden of showing that the transcript was not necessary. *See Beamon*, 411 F.3d at 864 (holding that "the losing party bears the burden of an affirmative showing that taxed costs are not appropriate.").

Accordingly, because Scottsdale has presented no argument or evidence to rebut the City's objection, the Court denies Scottsdale's request for costs related to the D'Olympio transcript.[1]

## 2.    Transcript of the *Dominguez* Trial

Scottsdale next seeks to recover $219.84 for the trial transcript in the underlying *Dominguez* case, which gave rise to the insurance coverage declaratory actions at issue in this case. In response, the City again objects on the ground that Scottsdale failed to

---

[1]    Even if the Court had found the transcript taxable, the additional exhibit reproduction cost of $23 that Scottsdale seeks to recover (above and beyond the maximum allowable amount it seeks based on the cost per page of the transcript) still would not be taxable. Costs for exhibit reproduction are recoverable if the prevailing party establishes that "the exhibits were essential to understanding an issue in the case." *Camp v. Centrue Bank*, No. 08 C 4020, 2011 WL 2581751, *2 (N.D. Ill. June 28, 2011) (citing *Harkins v. Riverboat Servs., Inc.*, 286 F.Supp.2d 976, 980 (N.D. Ill. 2003)). Here, Scottsdale neither identifies the nature of the exhibits nor makes any argument that the exhibits satisfy this standard. *See Boyle v. Torres*, No. 09 C 1080, 2011 WL 899720, *2 (N.D. Ill. Mar. 15, 2011) (declining to award exhibit costs where prevailing parties did not show that exhibits "were anything other than extra copies of documents already within their possession").

provide an invoice, receipt, or other documentation of this cost. Despite this objection, Scottsdale did not avail itself of the opportunity to submit the required proof with its reply brief, instead merely identifying the amount in its brief. The prevailing party has the "'burden of demonstrating the amount of its recoverable costs.'" *Trading Tech. Int'l*, 750 F.Supp.2d at 969 (citation omitted). This burden "is not a mere formality" but rather "gives teeth to the requirement that before a prevailing party may require its adversary to pay costs, the prevailing party must prove with evidence, and not merely with *ipse dixit* statements [,] that the costs were actually incurred..." *Id.* By merely stating a dollar amount in its reply brief, but failing to provide any evidentiary support for this figure, Scottsdale has not met is burden.[2]

Accordingly, because Scottsdale failed to substantiate the cost it purportedly incurred, the Court awards no costs related to the *Dominguez* transcript.

### 3. Transcript of the February 27, 2008 Motion Hearing

Lastly, the City objects to Scottsdale's request to recover the cost of obtaining the transcript of a February 27, 2008 court proceeding on the ground that Scottsdale again submitted no documentation of the cost. Indeed, not only does Scottsdale's bill of costs contain no invoice or receipt for the purchase of the transcript, but neither the bill of costs nor the supporting attorney affidavit even identify the date or subject matter of the

---

[2] The City also objects on the ground that the trial transcript for the underlying *Dominguez* case was not necessary because "the sole issues raised by Scottsdale on its motion for summary judgment were late notice and estoppel." (Doc. 978 at 8). But as Scottsdale asserts in reply, while its declaratory judgment action was based on the City's untimely notice, the City filed a counterclaim against Scottsdale alleging breach of contract and seeking a declaratory judgment. (Doc. 997 at 6). Thus, it was reasonable and necessary for Scottsdale to obtain the *Dominguez* trial transcript in order to apprise itself of the facts of the case in order to assess the merit of the City's counterclaim concerning Scottsdale's requirement to provide coverage to the City related to the case.

proceeding or the cost of the transcript. Even after the City objected, Scottsdale did not avail itself of the opportunity to submit documentation of its costs in reply. Instead, Scottsdale's reply brief merely identifies the proceeding (erroneously, as a "status conference held on February 27, 2008" when the docket reflects it was a motion hearing) and the cost of the transcript. (Doc. 997 at 6). This statement, absent any supporting invoice or receipt, is insufficient to justify an award of costs. *Trading Tech. Int'l*, 750 F.Supp.2d at 969.

Even if Scottsdale had not failed to submit any documentation of its costs to obtain the transcript, its bill of costs still would be deficient because it fails to explain the necessity of obtaining the transcript. The docket reflects that the proceeding was a motion hearing before the district judge on the City's Motion to Amend Counterclaims to Join Additional Parties. (Doc. 49). Rather than explaining its need for the transcript in either its initial filing or its reply, Scottsdale merely refers the Court to the City's bill of costs for an explanation, stating that "[o]n the same basis that the City of Waukegan seeks reimbursement for that cost, Scottsdale Insurance Company seeks reimbursement from the City." (Doc. 997 at 6). In its reply brief to its bill of costs, the City justified its need for the transcript on the ground that the district court's minute order granting the motion provided no detail, and thus the City needed the transcript to insure that it complied fully with the district court's ruling in preparing its amended counterclaim. (Doc. 971 at 16). The Court fails to see how this same justification applies to Scottsdale, given that the motion at issue was brought by the City, and the granting of the motion allowed the City, not Scottsdale, to file an amended counterclaim. While there may be some plausible reason why Scottsdale needed the transcript, it has not articulated one and the Court need not speculate.

11

Accordingly, the Court denies Scottsdale's request to recover costs for the transcript of the February 27, 2008 motion hearing.

## D.    Stay Pending Appeal

In its response brief, the City asks that the Court stay execution of any costs order pending resolution of the appeal of summary judgment in this matter, which is currently before the Seventh Circuit.  Costs are appealable separate from the merits, and a district court may award costs even while an appeal of a ruling on the merits is pending.  *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994).  The Seventh Circuit disfavors the piecemeal appeals that may arise when district courts are prevented from ruling promptly on post-judgment fees motions.  *Terket v. Lund*, 623 F.2d 29, 32-34 (7th Cir. 1980).  The district courts in this Circuit have applied the same rationale to motions for costs, and thus favor expeditious rulings on bills of costs to avoid the burden of piecemeal appeals.  *Anheuser-Busch, Inc. v. Schnorf*, No. 10-cv-1601, 2011 WL 9798, *3 (N.D. Ill. Jan. 3, 2011); *Collins v. United States*, Nos. 03 C 2958, 2966, 2998, 3162 & 3166, 2008 WL 4549303, *1 (N.D. Ill. Apr. 24, 2008); *see also Barton v. Zimmer*, No. 1:06-CV-208-TS, 2010 WL 2541707, *1-2 (N.D. Ind. June 16, 2010).  The City has identified no reason why proceeding in a piecemeal fashion would be appropriate or advisable in this instance.

Accordingly, the City's request to stay enforcement of this costs order is denied.

12

## CONCLUSION

For the reasons stated above, Scottsdale Insurance Company is awarded costs in the amount of $395.[3]

ENTER:

Dated: December 20, 2011

_Sheila Finnegan_
_____
SHEILA FINNEGAN
United States Magistrate Judge

---

[3]    It is surprising and disappointing that counsel did not negotiate a resolution of this bill of costs seeking a total of $1,149.42.  The value of the attorney time spent briefing the numerous objections, and this Court's time in resolving them, far exceeds the small amount at issue.